UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | |
| BMH AS-BUILT USA OF TEXAS, INC. | § | |
| | § | |
| DEFENDANT | § | (JURY TRIAL) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, the plaintiff, Admiral Insurance Company, and files this original complaint for declaratory judgment against the defendant, BMH As-Built USA of Texas, Inc., and would respectfully show unto this Honorable Court as follows:

### PARTIES

1. The plaintiff, Admiral Insurance Company, is a Delaware corporation with its principal place of business in Scottsdale, Arizona. Admiral conducts business in the State of Texas as a surplus lines insurer.

2. The defendant, BMH As-Built USA of Texas, Inc., is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Dallas, Texas. BMH As-Built USA of Texas, Inc. may be served with process by serving its registered agent, Saeed Mahboubi, 1100 S. Akard, Dallas, Texas 75215-317.

### VENUE AND JURISDICTION

3. There is diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds seventy-

five thousand dollars ($75,000). As such, jurisdiction in this judicial district exists pursuant to 28 U.S.C. § 1332.

4.  The underlying lawsuit at issue in this case is pending in Dallas County, Texas. Moreover, BMH As-Built USA of Texas, Inc. is a corporate resident of Dallas County, Texas. Accordingly, venue in this judicial district and division is proper pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

## FACTS GIVING RISE TO CLAIM

5.  Admiral Insurance Company ("Admiral") incorporates the preceding paragraphs in this complaint by reference.

6.  Admiral issued a commercial general liability insurance policy to BMH As-Built USA of Texas, Inc. ("BMH"), policy no. CA000026291-02, with effective dates from January 25, 2018 to January 25, 2019 ("the Admiral policy").

7.  On or about June 7, 2018, BMH was named as a defendant in a bodily injury lawsuit arising in connection with a new residential condominium construction project styled <u>Caleb Queen v. BMH As-Built USA of Texas, Inc., et al.</u>, Cause no. CC-18-03034-B, filed in the County Court at Law No. 2, Dallas County, Texas ("the underlying lawsuit").

8.  BMH tendered the underlying lawsuit to Admiral for a defense and indemnity under the Admiral policy.

9.  Admiral is providing BMH with a defense in the underlying lawsuit under the Admiral policy subject to a full and complete reservation of rights to which Admiral is entitled under the Admiral policy and applicable law.

10. The Admiral policy provides commercial general liability insurance coverage subject to the terms, conditions, definitions, limitations, and exclusions set forth in and affixed to the Admiral policy, which policy provides, in relevant part, as follows:

### COMMERICAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

\*\*\*

2. **Exclusions**

   This insurance does not apply to:

\*\*\*

    d.  **Workers' Compensation And Similar Laws**

        Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

    e.  **Employer's Liability**

        "Bodily injury" to:

        **(1)**  An "employee" of the insured arising out of and in the course of:

            **(a)**  Employment by the insured; or

            **(b)**  Performing duties related to the conduct of the insured's business; or

        **(2)**  The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

        This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

\*\*\*

## SECTION V – DEFINITIONS

\*\*\*

**5.**  **"**Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\*\*\*

**10.**  "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

\*\*\*

**19.**  "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid, salary or other compensation by you or anyone else for their work performed for you.

\*\*\*

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**RESIDENTIAL CONSTRUCTION ACTIVITIES EXCLUSION (ABSOLUTE)**

This endorsement modifies insurance provided under the following:

COMMERICAL GENERAL LIABILITY COVERAGE FORM
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM

It is agreed this insurance does not apply to liability arising in whole or in part, either directly or indirectly, out of any past, present or future "residential construction activities" performed by or on behalf of any insured or others.

For the purposes of this endorsement, "residential construction activities" means any work or operations related to any job or project involving the construction, repair, remodeling, renovation, maintenance, change or modification of single-family dwellings, multi-family dwellings, condominiums, townhomes, townhouses, time-share units, fractional-ownership units, cooperatives, apartments, and/or any other structure or space used or intended to be used as a residence, whether full-time, part-time, live-work combination, vacation, or temporary residence, and regardless of the actual use or occupancy of any such structure or space, whether or not:

1. The job or project also includes structures, space, areas and/or units, designed, constructed, sold, leased, occupied or used for any commercial or non-residential purpose; or

2. The present or future ownership of any such structure or space by any person or organization is fee simple, joint tenancy, tenancy-in-common, tenancy-in-the-entirety, tenancy-in-partnership, community property, deeded time-share, non-deeded time-share, fractional interest, shareholder interest and/or any other form of common or fractional-interest ownership or management.

It is further agreed that for any claim made or "suit" brought which is excluded under the terms of this endorsement, we will have no obligation to defend,

adjust or investigate or pay any cost for investigation, defense, adjustment or attorney fees arising out of or related to such claims.

All other terms and conditions remain unchanged.

\*\*\*

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**CONDOMINIUM CONVERSION EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERICAL GENERAL LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

It is agreed this insurance does not apply to liability arising in whole or in part, either directly or indirectly, out of any past, present or future job or project performed by or on behalf of any insured or others involving the construction, repair, remodeling, renovation, maintenance, change or modification of any structure, if the structure is or has been converted, changed or modified at any time by or on behalf of any insured or others to condominiums, townhomes or townhouses.

It is further agreed that for any claim or "suit" brought which is excluded under the terms of this endorsement, we will have no obligation to defend, adjust or investigate or pay any cost for investigation, defense, adjustment or attorney fees arising out of or related to such claim or "suit".

All other terms and conditions remain unchanged.

11. Based on the actual facts, circumstances, and evidence giving rise to the claims asserted against BMH in the underlying lawsuit and the terms, conditions, limitations, definitions, and exclusions set forth in and affixed to the Admiral policy, there exists a bona fide coverage dispute with respect to whether there is insurance coverage available under the Admiral policy for the claims asserted against BMH in the underlying lawsuit, which dispute is ripe and appropriate for determination pursuant to the Federal Declaratory Judgment Act.

## **REQUEST FOR DECLARATORY JUDGMENT**

12. Admiral incorporates the preceding paragraphs in this original complaint by reference.

13. Pursuant to the Federal Declaratory Judgment Act, Admiral seeks a declaration that there is no insurance coverage available under the Admiral policy for the claims asserted against BMH in the underlying lawsuit by virtue of the **RESIDENTIAL CONSTRUCTION ACTIVITIES EXCLUSION (ABSOLUTE)** endorsement affixed to the Admiral policy.

14. Pursuant to the Federal Declaratory Judgment Act, Admiral seeks a declaration that it has no duty to indemnify BMH for any settlement or judgment in the underlying lawsuit under the Admiral policy by virtue of the **RESIDENTIAL CONSTRUCTION ACTIVITIES EXCLUSION (ABSOLUTE)** endorsement affixed to the Admiral policy.

15. Pursuant to the Federal Declaratory Judgment Act, Admiral seeks a declaration that there is no insurance coverage available under the Admiral policy for the claims asserted against BMH in the underlying lawsuit by virtue of the **Workers' Compensation And Similar Laws** exclusion set forth in the Admiral policy.

16. Pursuant to the Federal Declaratory Judgment Act, Admiral seeks a declaration that it has no duty to indemnify BMH for any settlement or judgment in the underlying lawsuit under the Admiral policy by virtue of the **Workers' Compensation And Similar Laws** exclusion set forth in the Admiral policy.

17. Pursuant to the Federal Declaratory Judgment Act, Admiral seeks a declaration that there is no insurance coverage available under the Admiral policy for the claims

asserted against BMH in the underlying lawsuit by virtue of the **Employer's Liability** exclusion set forth in the Admiral policy.

18. Pursuant to the Federal Declaratory Judgment Act, Admiral seeks a declaration that it has no duty to indemnify BMH for any settlement or judgment in the underlying lawsuit under the Admiral policy by virtue of the **Employer's Liability** exclusion set forth in the Admiral policy.

19. Pursuant to the Federal Declaratory Judgment Act, Admiral seeks a declaration that there is no insurance coverage available under the Admiral policy for the claims asserted against BMH in the underlying lawsuit by virtue of the **CONDOMINIUM CONVERSION EXCLUSION** endorsement affixed to the Admiral policy.

20. Pursuant to the Federal Declaratory Judgment Act, Admiral seeks a declaration that it has no duty to indemnify BMH for any settlement or judgment in the underlying lawsuit under the Admiral policy by virtue of the **CONDOMINIUM CONVERSION EXCLUSION** endorsement affixed to the Admiral policy.

WHEREFORE, PREMISES CONSIDERED, the plaintiff, Admiral Insurance Company, prays for declaratory judgment in favor of Admiral Insurance Company and against the defendant, BMH As-Built USA of Texas, Inc., for all declaratory relief requested herein and for such other and further relief to which Admiral Insurance Company may show itself justly entitled to receive.

[SIGNATURE PAGE TO FOLLOW]

Respectfully submitted,

Wilkins | Gire PLLC
350 Pine Street, Suite 660
Beaumont, Texas 77701
T: (409) 241-8094
F: (409) 750-7826

/s/ Greg C. Wilkins
Greg C. Wilkins
Attorney-in-charge
State Bar No. 00797669
gwilkins@wilkinsgire.com

ATTORNEYS FOR PLAINTIFF,
ADMIRAL INSURANCE COMPANY